IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) CASE NO.: 2:07-cr-28-MEF |
| | ) |
| **CLARENCE EARL BIVINS** | ) |

## MOTION TO SUPPRESS

**COMES NOW** the Defendant, Clarence Earl Bivins, and moves to suppress all evidence and statements obtained as a result of a vehicle stop, search and seizure conducted on January 30, 2007.

### I. RELEVANT FACTS

1. On Tuesday, January 30, 2007, Alabama State Trooper Jason L. Burch was working traffic enforcement in Montgomery County, Alabama. At approximately 1:25 p.m., Trooper Burch noticed a silver Jeep Cherokee vehicle traveling south on Interstate 65. According to Trooper Burch, his stationary radar gun indicated that the vehicle was traveling 60 mph in a 50 mph zone. The Trooper followed the vehicle as it proceeded south in I-65 and exited at the Edgemont Avenue Exit. As the vehicle pulled up next to the pumps in a nearby Liberty Market Gas Station, Trooper Burch turned on his cruiser's light bar and initiated a traffic stop. Trooper Burch's police vehicle was equipped with a camera and sound recording equipment.

2. The driver and sole occupant of the Jeep Cherokee was the Defendant, Clarence Bivins. Trooper Burch got out of his vehicle, approached Bivins, and explained

          the purpose of the stop. Bivins produced a Mississippi driver's license, and documents showing that the Jeep was a vehicle rented in the name of a third party.

3.      Trooper Burch returned to his patrol car and began the process of issuing a warning citation for speeding. Over the next several minutes, the Trooper made inquiries to law enforcement agencies by radio and learned that Bivins' driver's license was valid and current, and that he had a prior arrest for a narcotics violation. He did not make any effort to check or verify the Vehicle Rental Agreement provided by Bivins.

4.      Upon completing the warning citation, Trooper Burch got out of his patrol car and met Bivins at the rear of the Cherokee. The Trooper questioned Bivins as to why he was not listed as the driver on the rental agreement, and Bivins explained that his cousin was listed because he (Bivins) did not have a credit card. At this point, while returning Bivins' paperwork and license to him, Trooper Burch began to inquire further of Bivins about his criminal history. Trooper Burch did not tell Bivins he was free to leave. Bivins initially denied having any prior narcotics arrests, but admitted that he did when reminded by the Trooper of an arrest nearly ten years earlier in 1998. Trooper Burch then asked if Bivins was transporting drugs, weapons, or large amounts of money, all of which Bivins denied. Trooper Burch had observed a "bulging" suitcase or bag in Bivins' vehicle, and asked Bivins who it belonged to and if he "minded" if he searched the bag. Bivins replied that it was his, and that he did not mind.

5. Over the next 25-30 minutes, Trooper Burch conducted an extensive search of not only the luggage, but the entire interior of Bivins' vehicle and the containers therein. Ultimately, he discovered four (4) clear plastics bags within an opaque Doritos chip bag, which he had located behind the front seat of the Cherokee. Bivins was then placed under arrest by Trooper Burch.

6. The evidence seized by Trooper Burch field tested positive for cocaine, and on Wednesday, January 31, 2007, a criminal Complaint charging Bivins with intent to distribute cocaine in violation of 21 U.S.C. § 241(a)(1) was signed by T.F.O. Robert Thornton.

## II. ISSUES PRESENTED

7. Based upon the limited information developed by Trooper Burch during the initial phase of the stop related to the issuance of a warning citation, the Trooper could not have entertained a reasonable and articulable suspicion of any specific criminal conduct on Bivins' part at the time of the search. For that reason, his continued questioning, detention, and search of Bivins' vehicle following the initial phase of the stop was unreasonable and violated the Fourth Amendment of the United States Constitution. See United States v. Perkins, 348 F.3d 965 (11th Cir. 2003).

8. Even if the consent given by Bivins was not vitiated by the unlawful character of Bivins' continued detention and interrogation, the elaborate search conducted by the officer violated the 4th Amendment because it exceeded the scope of the limited consent granted by Bivins. Florida v. Jimeno, 500 U.S. 248 (1991); U.S.

v. Zapata, 180 F.3d 1237, 1242-43 (11th Cir. 1999); U.S. v. Maldonado, 38 F.3d 936, 940 (7th Cir. 1994).

**WHEREFORE**, the Defendant respectfully requests this Court to schedule a hearing, and upon conclusion of the same, grant his motion to suppress evidence pursuant to the Fourth Amendment to the United States Constitution.

**RESPECTFULLY SUBMITTED** this 11th day of May 2007.

        **s/ William R. Blanchard**
        **WILLIAM R. BLANCHARD (BLA029)**
        Attorney for the Defendant
        BLANCHARD LAW OFFICES
        Post Office Box 746
        Montgomery, Alabama 36101-0746
        Office: (334) 269-9691/Fax: (334) 263-4766
        bill@blanchardlaw.com

# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) CASE NO.: 2:07-cr-28-MEF |
| | ) |
| **CLARENCE EARL BIVINS** | ) |

## CERTIFICATE OF SERVICE

    I hereby certify that on May 11, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **AUSA Tommie Hardwick**, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: n/a.

    Respectfully submitted,

    **s/ William R. Blanchard (BLA029)**
    **BLANCHARD LAW OFFICES**
    **505 South Perry Street**
    **Post Office Box 746**
    **Montgomery, Alabama 36101-0746**
    **Office:** (334) 269-9691
    **Fax:**   (334) 263-4766
    bill@blanchardlaw.com