IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-cr--28-MEF |
| | ) | (WO) |
| CLARENCE EARL BIVINS | ) | |

## **O R D E R**

On July 2, 2007, the defendant filed an Unopposed Motion to Continue Trial (Doc. #33). While the granting of a continuance is left to the sound discretion of the trial judge, *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985), the court is, of course, limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Speedy Trial Act provides generally that the trial of a defendant in a criminal case shall commence within 70 days of the latter of the filing date of the indictment or the date the defendant appeared before a judicial officer in such matter. 18 U.S.C. §3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).

The Act excludes from this 70 day period any continuance that the judge grants "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

The motion states that the defendant has filed objections to the Report and Recommendation of the Magistrate Judge entered regarding defendant's motion to suppress. The defendant seeks a ruling on his objections prior to committing for a trial or plea. Because of the short time between the filing of the objections and the trial term, the

defendant understands it may not be reasonable to expect a ruling prior to the July 9th trial term. Counsel for the government does not oppose a continuance. Consequently, the court concludes that a continuance of this case is warranted and that the ends of justice served by continuing this case outweighs the best interest of the public and the defendant in a speedy trial. *See United States v. Davenport*, 935 F.2d 1223, 1235 (11th Cir. 1991)(reasonable time necessary for effective preparation is a significant factor for granting a continuance under the Speedy Trial Act).

Accordingly, it is hereby ORDERED:

1. That the defendant's motion filed on July 2, 2007 is GRANTED;

2. That the trial of this case is continued from the July 9, 2007 trial term to the October 15, 2007 trial term.

3. That the Magistrate Judge conduct a pretrial conference prior to the October 15, 2007 trial term.

DONE this the 3rd day of July, 2007.

                          /s/ Mark E. Fuller
                        CHIEF UNITED STATES DISTRICT JUDGE