IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                    )   CR. NO. 02:07cr028-MEF<br>)<br>CLARENCE EARL BIVINS        ) | |

## PLEA AGREEMENT

**DEFENSE COUNSEL:**                           WILLIAM R. BLANCHARD

**ASSISTANT U.S. ATTORNEY:**           TOMMIE BROWN HARDWICK

**COUNTS AND STATUTES CHARGED:**

Count 1          21 U.S.C. § 841(a)(1)
                      Possession With Intent to Distribute a Controlled
                      Substance - Cocaine Base ("crack")

Count 2          21 U.S.C. § 841(a)(1)
                      Possession With Intent to Distribute a Controlled
                      Substance - Cocaine Hydrochloride ("powder")

**COUNT PLEADING PURSUANT TO PLEA AGREEMENT:**

Count 1          21 U.S.C. § 841(a)(1)
                      Possession With Intent to Distribute a Controlled
                      Substance - Cocaine Base ("crack")

**PENALTIES BY COUNT - MAXIMUM PENALTY:**

Count 1          21 U.S.C. § 841(a)(1) (Cocaine Base)
                      Sentence with no prior felony drug convictions is a fine not more than $4,000,000 in accordance with the provisions of Title 18 and a term of imprisonment of not less than 10 years, and not more than Life, or both. Special Assessment Fee of $100.00 and a term of supervised release of not less than 5 years.
                      (Subject to any enhancements properly filed pursuant to 21 U.S.C. § 851).

**ELEMENTS OF THE OFFENSE**:

Count 1  21 U.S.C. § 841(a)(1),
Possession With Intent to Distribute a Controlled
Substance - Cocaine Base

First: That the defendant knowingly and intentionally possessed cocaine base ("crack") as charged in the indictment; and

Second: That the defendant intended to distribute the cocaine base ("crack") as charged in the indictment.

* * * * * * * * * * * * * * * * * * * * * *

Tommie Brown Hardwick, Assistant United States Attorney, and William R. Blanchard, attorney for the defendant, pursuant to the provisions of Rule 11(c)(1)(C) and Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties in the following respects:

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to Count 1 of the Indictment, the attorney for the Government will do the following:

a. The Government agrees that the defendant will be sentenced based upon the drug quantities contained in the laboratory reports for Counts 1 and 2. The total drug quantity for Count 1 is 64 grams of cocaine base ("crack"). The total drug quantity for Count 2 is 300.2 grams of cocaine hydrochloride ("powder cocaine"). The defendant will be sentenced to not less than 10 years after the United States Sentencing Guidelines ("guidelines") have been calculated by the United States Probation Officer and approved by the Court.

2

b. The Defendant has not been debriefed. However, the defendant has made known his willingness to cooperate with the Government if the opportunity becomes available. The Government agrees that should the defendant provide substantial assistance to the Government and law enforcement, the Government will file a motion for downward departure under the provisions of Rule 35, <u>Federal Rules of Criminal Procedure</u>, based upon the defendant's substantial assistance to the United States in other cases. The defendant understands that the downward departure motion(s) for substantial assistance is within the sole discretion of the Government.

c. The Government agrees that the defendant should receive a two level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). In addition, the Government will file a motion for a one level reduction under U.S.S.G. § 3E1.1(b). However, the defendant will not receive any acceptance of responsibility if the defendant commits another federal, state or local offense after the dates of the present offense; violates any of the conditions outlined in the Commentary to §3E1.1, or in any way violates his terms of release or supervision if applicable.

d. The Government agrees that there are no other motions for downward departure applicable in this case. If the defendant files a motion for downward departure, or should the Court in its discretion using the United States Sentencing Guidelines as advisory, sentence the defendant below ten years, this plea agreement will become void.

e. The Government agrees to dismiss Count 2 of the indictment at the sentencing hearing pursuant to 11(c)(1)(A).

2. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant conduct concerning the offense and the defendant's background.

## **DEFENDANT'S PROVISIONS**

3.  The defendant agrees to the following:

    a. To plead guilty to Count 1 of this indictment; and

    b. The defendant agrees that there are no other motions for downward departure applicable in this case except as specified above in paragraph 1.b. and 1.c., under Government Provisions. If the defendant files a motion for downward departure, or should the Court in its discretion using the United States Sentencing Guidelines as advisory, sentence the defendant below ten years this plea agreement will become void. It is understood that the defendant may withdraw the plea if the court rejects the terms of the plea agreement pursuant to Rule 11(c)(1)(C).

    c. It is understood that by signing this agreement, the defendant agrees to provide substantial assistance to law enforcement agents if requested in future investigations. As of the date of this plea agreement, the defendant agrees that he has not provided any substantial assistance that would merit a motion for downward departure. For future references, "substantial assistance" with law enforcement agents under this agreement is understood to include, but is not limited to, the following under the direction of a law enforcement agent:

    (1) Debriefing by the Federal and State Law Enforcement officers.

    (2) Making consensually monitored telephone calls to, or otherwise contacting, persons known to be involved in violations of the law.

    (3) Introducing undercover law enforcement officers to persons you know to be involved in illegal activity.

    (4) Maintaining contact with the law enforcement agents with whom you are working. You shall work under the direct supervision of law enforcement agents. At no time are you authorized to take any actions without first obtaining the direct authorization of such agents. Any independent and unauthorized actions will be deemed a violation of this agreement.

(5) Testifying truthfully against any such persons before any and all grand juries and at any and all hearings and trials.

(6) You agree to make a good faith effort to assist law enforcement agencies in arranging and making undercover contacts with other persons you know to be involved in illegal activity.

(7) You will cooperate fully and truthfully with the Government in this investigation and in any other federal criminal investigation. You will respond, completely, fully and truthfully to all inquiries addressed to you by representatives of the Government, and you will testify fully and truthfully at any and all reasonable times and places before grand juries and against any and all defendants at the trial of any and all cases arising from this investigation or any other such investigation.

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK UNDER 28 U.S.C § 2255

Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding. In addition, the defendant does waive the right to appeal or seek post-conviction relief under 28 U.S.C. § 2255 with respect to any claims that challenge the correctness of his sentence under the advisory sentencing guidelines or 18 U.S.C. § 3553(a). The defendant does not waive true ineffective assistance of counsel challenges that concern the validity of the plea or the waiver itself. The defendant does not waive a challenge of prosecutorial misconduct.

Further, the parties agree that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals on any basis defendant's sentence pursuant to 18 U.S.C. § 3742(b), defendant is released from this waiver.

5

## APPLICATION OF SENTENCING GUIDELINES AND 18 U.S.C. § 3553(a)

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence and the sentencing guidelines, if any, applicable to defendant's case will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant understands that the Court is required to consider any applicable sentencing guidelines but may depart from these guidelines under some circumstances. Defendant acknowledges that defendant and defendant's attorney have discussed the sentencing guidelines and defendant understands how the guidelines are applicable to defendant's case. Defendant further understands that the Court will consider the factors enumerated in Title 18, United States Code, Section 3553(a), in imposing a sentence. Specifically, the Court will consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the sentencing guidelines;

(5) any pertinent policy statement – (A) issued by the Sentencing Commission <u>subject to any amendments made to such policy statement by act of Congress</u>; and (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced;

(6) the need to avoid unwarranted sentence disparities among defendants with similar

(7)   records who have been found guilty of similar conduct; and
the need to provide restitution to any victims of the offense.

See 18 U.S.C. § 3553(a).

## FACTUAL BASIS

4. The defendant understands the nature of the charge to which the plea is offered involves proof as to Count 1, as charged in the Indictment. With respect to Count 1, on or about January 30, 2007, Alabama State Trooper Jason Burch made a traffic stop of a vehicle driven by Clarence Earl Bivins on Mill Street in Montgomery, Alabama, for speeding. Bivins was the sole occupant of the vehicle. During the course of the traffic stop, Trooper Burch asked and was given permission to search Bivins' vehicle. Trooper Burch found plastic bags of cocaine base and cocaine hydrochloride. The drugs were submitted to the laboratory for an analysis. The lab results were positive for 64 grams of cocaine base and 300.2 grams cocaine hydrochloride. The defendant stipulates that he knowingly and intentionally possessed the amounts of drugs contained in the laboratory reports in this case.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

5. The defendant agrees to enter a guilty plea to Count 1 of the Indictment.

6. The defendant, before entering a plea of guilty to Count 1 of the Indictment, as provided for herein by said Plea Agreement, advises the Court that:

a. The discussions between the attorney for the Government and the attorney for the defendant toward reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. The defendant further understands that pursuant to Title 18, United States Code,

7

Section 3013, said $100 assessment is to be paid by the defendant on the date of sentencing and that if a fine is imposed by the Court at sentencing, the defendant shall meet with a member of the Financial Litigation Section of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense. The defendant will make an honest, good faith effort to pay the said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's ability, knowledge, and belief.

c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

   f. The defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

   g. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

   h. The defendant further advises the Court that the defendant understands that after the entry of the guilty plea, the defendant may withdraw the plea if the Court rejects the plea agreement, pursuant to Rule 11(c)(1)(C). However, if the defendant withdraws the guilty plea, the Government will prosecute the defendant on all charges alleged in the Indictment.

   i. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

   j. The Defendant is satisfied that defense counsel has been competent and effective in representing the defendant.

7. The undersigned attorneys for the Government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11(c)(1)(C), *Federal Rules of Criminal Procedure*, as amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

8. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. Notwithstanding, the Probation Officer will consider defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. Considering the advisory nature of the Guidelines, the offense level or criminal history category, as calculated by the Probation Officer, may differ from that projected by defendant's counsel or the U.S. Attorney.

This 24th day of September, 2007.

                Respectfully submitted,

                LEURA G. CANARY
                UNITED STATES ATTORNEY

                /s/ Louis V. Franklin
                Louis V. Franklin
                Chief, Criminal Section
                131 Clayton Street
                Montgomery, Alabama 36104
                (334) 223-7280

                /s/ Tommie Brown Hardwick
                Tommie Brown Hardwick, ASB4152 W86T
                Assistant United States Attorney

I HAVE READ THE FOREGOING PLEA AGREEMENT, UNDERSTAND THE SAME, AND THE MATTER AND FACTS SET FORTH THEREIN ACCURATELY AND CORRECTLY STATE THE REPRESENTATIONS THAT HAVE BEEN MADE TO ME AND ACCURATELY SET FORTH THE CONDITIONS OF THE PLEA AGREEMENT THAT HAS BEEN REACHED.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, WILLIAM R. BLANCHARD.

_____
CLARENCE EARL BIVINS
Defendant

9/24/07
Date

_____
WILLIAM R. BLANCHARD
Attorney for the Defendant

9/24/07
Date